IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

CASE NO.:

WELLS FARGO BANK, NATIONAL ASSOCIATION, successor-by-merger to Wachovia Bank, National Association, a national banking association, individually, and as agent for itself and Regions Bank, an Alabama state chartered bank, successor-by-merger to AmSouth Bank; and REGIONS BANK, an Alabama state chartered banking association, successor-by-merger to AmSouth Bank,

    Plaintiffs,

vs.

SABRINA BARBER, an individual, f/k/a SABRINA AZZOUZ; BLAKER ENTERPRISES, LLC, a Nevis limited liability company; TD AMERITRADE, INC., a New York corporation; and APPLIED BANK, a Delaware banking corporation,

    Defendants.   /

## TEMPORARY RESTRAINING ORDER

Plaintiffs, Wells Fargo Bank and Regions Bank have filed a Complaint against the Defendants, alleging that they own and hold a $62,491,162.98 judgment against Defendant, SABRINA BARBER, an individual, f/k/a SABRINA AZZOUZ, that Ms. Barber has fraudulently conveyed certain funds which otherwise would be available to (partially) satisfy said judgment, and is in the process of further conveying those funds to an investment advisor located in the Republic of Mauritius [Doc. #1]. The Plaintiffs seek

to reverse such fraudulent conveyances and have such funds paid over to the Plaintiffs in partial satisfaction of the above-referenced judgment.

The case is now before the Court on the Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. #__]. Pursuant to Fed. R. Civ. P. 65 and M.D. Fla. Local Rules 4.05 and 4.06, the Plaintiffs have supported their motion with allegations of specific facts set forth in thier Complaint, the Deposition Transcript of Ms. Barber's deposition, as well as a memorandum of law establishing that they are threatened with irreparable injury and that such injury is so imminent that notice and a hearing is impracticable.

The Court finds that the Plaintiffs have satisfied each of the elements necessary to obtain this temporary restraining order. The Plaintiffs are entitled to a temporary restraining order enjoining and restraining Defendants, SABRINA BARBER, an individual, f/k/a SABRINA AZZOUZ, BLAKER ENTERPRISES, LLC, a Nevis limited liability company, TD AMERITRADE, INC., a New York corporation, and APPLIED BANK, a Delaware banking corporation, and their respective officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, from taking any further actions with respect to any funds derived from the $870,000.49 originally transferred into TD Ameritrade Account No. xxx-xx4111, including, without limitation, (i) TD Ameritrade Account No. xxx-xx2983, (iii) TD Ameritrade Account No. xxx-xx3474, (iii) to the extent of $265,552.02, any account held by either SABRINA BARBER f/k/a SABRINA AZZOUZ or BLAKER ENTERPRISES, LLC, at Applied Bank, including, without limitation, Applied Bank

Account No. xxxxxxx8079 and Applied Bank Account No. xxxxxx9688, and (iv) the $220,000.00 transferred from AIG Bank Account No. xxxxx8275 on or about February 9, 2012 (collectively, the "Injunction Accounts"), all without the prior written authorization of the Plaintiffs or by Order of this Court.

The Court further and more specifically finds that:

A. Based upon the Plaintiffs' Complaint that Ms. Barber has fraudulently conveyed the funds in the Injunction Accounts and that SABRINA BARBER and BLAKER ENTERPRISES, LLC, further intend to transfer such funds beyond the jurisdiction of the United States, coupled with the Deposition Transcript of Ms. Barber's deposition, the Plaintiffs: (i) have a substantial likelihood of success on the merits, but has no adequate remedy at law for Defendant's conduct; and (ii) will suffer immediate and irreparable injury, loss or damage if the Defendants are not enjoined and restrained from taking any further actions with respect to the same;

B. The balance of equities tips in the Plaintiffs' favor, as the Defendants would not be harmed by the maintenance of the status quo, while absent a temporary restraining order, the Plaintiffs would be irreparably harmed as the Defendants could continue to conceal the finds contained in the Injunction Accounts; and

C. The public interest would be served by granting the temporary restraining order, as the validity and enforcement of judgments by the courts is in the public interest.

Accordingly upon due consideration it is hereby ORDERED as follows:

1. The Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. #__] is GRANTED.

2. Pending a preliminary injunction hearing, Defendants, SABRINA BARBER, an individual, and BLAKER ENTERPRISES, LLC, a Nevis limited liability company, TD AMERITRADE, INC., a New York corporation, APPLIED BANK, a Delaware banking corporation, and their respective officers, agents, representatives, employees and attorneys, and all persons acting in active concert or participation with them, and each of them, are hereby enjoined and restrained from taking any further actions with respect to any and all of the Injunction Accounts or the funds contained therein, all without the prior written authorization of the Plaintiffs or Order of this Court.

3. This Temporary Restraining Order shall become effective immediately without the necessity of posting a bond with the Clerk of the Court to provide security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained or enjoined.

4. The Plaintiffs shall immediately serve upon the Defendants a copy of this Temporary Restraining Order and all motions and exhibits submitted to the Court, together with the underlying Complaint. This Temporary Restraining Order shall remain in full force and effect until the hearing on Plaintiffs' Motion for Preliminary Injunction, pending further order of the Court.

5. This Temporary Restraining Order is entered without notice to the Defendants in light of the possibility that any delay will result in irreparable harm to the Plaintiffs.

6. The Clerk is directed to schedule a hearing on the Plaintiffs' Motion for Preliminary Injunction [Doc. #__] for _____, 2014 at _____ __.M. in

_____ of the United States Courthouse, 401 West Central Boulevard Orlando, Florida 32801. The conduct of the hearing will be governed by M.D. Fla. Local Rules 4.05 and 4.06, and counsel are invited to give strict attention to the limitations and requirements of the rules.

IT IS SO ORDERED.

DONE AND ORDERED this _____ day of June, 2014 at _____ [time].

_____
United States District Judge

Copies furnished to:
   Counsel of Record